IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NANCY FARRAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-cv-429 |
| vs. ) | |
| ) | |
| COMMERCIAL RECOVERY SYSTEMS, ) | |
| INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, NANCY FARRAR, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Gastonia, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Texas, which is licensed to do business in North Carolina and which has its principal place of business in Dallas, Texas.

## COUNT I
(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, including but not limited to individuals representing themselves as John Moore, Stefanie (last name unknown) and Kyle David (hereinafter "David"), began contacting Plaintiff during or about December of 2012 in attempts to collect the aforementioned alleged debt. Defendant's agents, representatives and/or employees failed to use Defendant's full true name in each and every communication with Plaintiff, and referred to Defendant as "CRS" instead.

9. Defendant's agents, representatives and/or employees also placed multiple telephone calls to Plaintiff's daughter and the mother-in-law and father-in-law of Plaintiff's daughter, in further attempts to collect the alleged debt. During those calls, Defendant's agents, representatives and/or employees identified the name of the Defendant without having been requested to do so by Plaintiff's daughter and the mother-in-law and father-in-law of Plaintiff's daughter. In addition, Defendant's agents, representatives and/or employees disclosed to Plaintiff's daughter and the mother-in-law and father-in-law of Plaintiff's daughter that they were attempting to collect an alleged debt from Plaintiff.

10. Defendant's agents, representatives and/or employees had no reason to place telephone calls to Plaintiff's daughter and the mother-in-law and father-in-law of Plaintiff's daughter, as Defendant already was in possession of valid contact information for the Plaintiff herself.

11. Defendant's agents, representatives and/or employees would often place telephone calls to Plaintiff on a daily basis, sometimes calling Plaintiff as many as six times per day and six times in a row.

12. Defendant's agents, representatives and/or employees, in particular David, also used threatening and abusive language when speaking with Plaintiff, including but not limited to telling Plaintiff she "ought to be intelligent enough to pay your own debts."

13. During or about the calendar month of June 2013, David threatened to take Plaintiff to court if the alleged debt was not paid. However, Defendant had no intention of fulfilling said threat as the alleged debt remains unpaid, but Defendant has not filed a lawsuit against Plaintiff with respect to the alleged debt.

3

Case 3:13-cv-00429-MOC-DCK   Document 1   Filed 07/29/13   Page 3 of 8

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

   b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

   c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

   d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

   e. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

   f. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly, continuously and/or unreasonably, with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

   g. Placing telephone calls to Plaintiff without meaningful disclosure of Defendants caller's identity, in violation of 15 U.S.C. § 1692d(6) and 58-70-110(1);

h. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

i. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

j. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

k. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, NANCY FARRAR, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

   a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of N.C. Gen. Stat. § 58-70-105;

   b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

   c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

   d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of N.C. Gen. Stat. § 58-70-105(1);

   e. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of N.C. Gen. Stat 58-70-100(1);

   f. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly, continuously and/or unreasonably, with the intent to annoy, abuse or harass, in violation of N.C. Gen. Stat. § 58-70-100(3);

g.  Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of N.C. Gen. Stat. § 58-7-110(7);

h.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8);

i.  Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110; and

j.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, NANCY FARRAR, respectfully prays for a judgment against Defendant as follows:

a.  Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com